

# NUMBER 13-17-00340-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RICARDO RODRIGUEZ,                                        Appellant,

v.

THE STATE OF TEXAS,                                       Appellee.

## On appeal from the 347th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

Appellant Ricardo Rodriguez was charged by indictment with aggravated assault

with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2)

(West, Westlaw through 2017 1st C.S.). Specifically, the State's indictment alleged that

Rodriguez "intentionally or knowingly threaten[ed] [G.P.][1] with imminent bodily injury by threatening to kill [G.P.], and . . . use[d] or exhibit[d] a deadly weapon, to-wit: gasoline and a source of ignition, during the commission of said assault." Rodriguez pleaded guilty to the charged offense, and the trial court placed him on deferred adjudication community supervision for six years, subject to the following relevant conditions: (1) Rodriguez was to remain in Nueces County unless permitted to leave the county by the court; (2) Rodriguez was to complete a Batterers Intervention and Prevention (BIP) program;[2] and (3) Rodriguez was to refrain from making contact with G.P.

Approximately two years after being placed on community supervision, the State filed a motion to revoke, alleging that Rodriguez had, among other things, violated the conditions of community supervision listed above by: (1) leaving Nueces County without court permission; (2) failing to complete to the BIP program; and (3) making contact with G.P. Rodriguez pleaded true to these allegations, and the trial court sentenced him to seven years in prison. This appeal followed.

Rodriguez's court-appointed counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Rodriguez's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated.

---

[1] We will refer to the assault complainant using the pseudonym "G.P." to protect the complainant's identity.

[2] A Batterers Intervention and Prevention (BIP) program is a group counseling program that specializes in family violence intervention and prevention of battering behaviors in an intimate relationship, marriage, or family. *See* TEX. CRIM. PROC. CODE ANN. § 42.141 (West, Westlaw through 2017 1st C.S.).

*See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Rodriguez's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Rodriguez's counsel has also informed this Court that he has (1) notified Rodriguez that he has filed an *Anders* brief and a motion to withdraw; (2) provided Rodriguez with copies of both pleadings; (3) informed Rodriguez of his rights to file a pro se response, to review the record preparatory to filing that response, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided Rodriguez with a form motion for pro se access to the appellate record with instructions to file the motion in this Court. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An adequate time has passed, and Rodriguez has not filed a response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the entire record, as well as the *Anders* brief, we find nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Rodriguez's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Rodriguez and to advise him

of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also*

*In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex.

Crim. App. 2006).

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of March, 2018.

---

[3] No substitute counsel will be appointed.  If Rodriguez seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  A petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals.  *See id.* R. 68.3.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See id.* R. 68.4.